**THIS ORDER IS SIGNED AND ENTERED.**

Dated: July 23, 2012

_____
**Hon. Robert D. Martin
United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Roberta and Allen Landsinger,

                                                                                              (Chapter 7)

          Debtors.                                        Case No. 11-13802

MEMORANDUM DECISION

    Roberta and Allen Landsinger (Roberta, Allen, together "the debtors") filed a voluntary Chapter 7 petition on June 12, 2011. The trustee filed an objection to the debtors' claim of exemptions under 11 U.S.C. § 522(d)(5). A final hearing was scheduled, but the parties asked to have the matter decided on their briefs and Proposed Findings of Fact.

    The following facts are uncontested. The debtors married prior to 1998. On October 8, 1998, Roberta and her two brothers received, as tenants in common, an interest in real property (the rental property) from their father via Quit Claim Deed. The rental property is located at 110 Bluff Street in Cazenovia, Wisconsin, and is comprised of vacant land and a house. Roberta and her brothers rent this property for income; it is not the debtors' homestead.

On October 3, 2008, the debtors executed a note in favor of the State Bank of Cazenovia in the amount of $32,000.00 (the Mortgage Note). The Mortgage Note is secured by a mortgage on the rental property (the Mortgage). Roberta and her brothers signed the Mortgage, but Allen did not. Payments on the Mortgage Note have been made from the debtors' joint bank account, with money that is marital property.

On their amended schedules, the debtors value the rental property at $89,100.00. As of the petition date, the outstanding balance on the Mortgage Note was $29,359.00.[1] The debtors each claimed an exemption in the rental property in the total amount of $17,122.00, on the apparent assumption that they had a combined one-third interest in its equity. The trustee objected, claiming that Roberta's interest in this property constitutes individual property under Wisconsin law, and therefore, Allen cannot claim any exemption in it. The debtors argue that since the Mortgage Note payments have been paid with marital property and these payments cannot be traced, Allen has an interest in the rental property and can claim the exemption.

I will treat this matter as cross motions for summary judgment. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The primary purpose of summary judgment is to avoid trial where there is no genuine issue of material fact in dispute. *See Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990).

---

[1] The debtors' Schedule C, amended August 12, 2011, indicates the outstanding mortgage balance was $29,461.00. But the parties stipulated to the $29,359.00 figure, that is what this court will use.

The "wild card" exemption under 11 U.S.C. § 522(d)(5) allows a debtor to exempt her "aggregate interest in any property, not to exceed in value $1,150 plus up to $10,825[2] of any unused amount of the exemption provided" in 11 U.S.C. § 522(d)(1) for the debtor's residence. Joint debtors may "stack" or "double" the exemption, pursuant to 11 U.S.C. § 522(m). *In re Czerneski*, 330 B.R. 240, 242 (Bankr. E.D. Wis. 2005).

State law controls questions regarding property interests in a bankruptcy estate. *Id*. at 242 (citing *Dominick's Finer Foods, Inc. v. Mason (In re Makula)*, 172 F.3d 493, 496 (7th Cir. 1999)). For married debtors, Wisconsin law creates a presumption that all property of spouses is marital property, and each spouse has an undivided one-half interest in such property. Wis. Stat. § 766.31(2), (3); *see also In re Czerneski*, 330 B.R. at 242. However, during the marriage, property acquired by a spouse as a gift from a third party is that spouse's individual property. Wis. Stat. § 766.31(7)(a).

Wisconsin courts ordinarily begin any classification discussion under the Wisconsin Marital Property Act with the statutory presumption that all spousal property is marital property. *In re Estate of Kobylski*, 178 Wis. 2d 158, 172 (Ct. App. 1993). However, when the parties' arguments are based on a reclassification claim – a contention which necessarily concedes on a threshold basis that the subject property is nonmarital property – the discussion may begin on that premise. *Id*. Since that is the case here, I begin on the premise that Roberta's interest in the rental property was individual property when she received it from her father.

Under Wisconsin law, "mixing marital property with property other than marital property reclassifies the other property to marital property unless the component of the mixed property

---

[2] These dollar amounts will change again on April 1, 2013.

3

which is not marital property can be traced." Wis. Stat. § 766.63(1). Mixing can also occur when there is an appreciation in value due to "substantial labor, effort, inventiveness, physical or intellectual skill, creativity or managerial activity." Wis. Stat. § 766.63(2). The burden to establish mixing is properly assigned to the claimant that the property was mixed – in this case, the debtors. *Kobylski*, 178 Wis. 2d at 173. After this initial burden is met, the burden of establishing tracing is on the party seeking to avoid reclassification as marital property. *Id.*; *see also In re Estate of Bille*, 198 Wis. 2d 867, 876 (Ct. App. 1995). The nonmarital asset is reclassified as marital property "unless the component of the mixed property which is not marital property can be traced." *Id.* (quoting Wis. Stat. § 766.63(1)). The stipulated facts do not suggest that Allen contributed substantial labor, effort, or other skills to the rental property; therefore, the sole issue is whether the Mortgage Note payments made with marital funds qualify as "mixing" under Wis. Stat. § 766.63(1).

Both parties rely on Wisconsin divorce cases when discussing whether the rental property was reclassified through mixing. However, as Judge Kelley has noted, such reliance is inappropriate. *In re Czerneski*, 330 B.R. at 243-44. While Wisconsin divorce cases apply the provisions of Chapter 767 of the Wisconsin Statutes, "Actions Affecting the Family," any interest a debtor has in property derives from Chapter 766 of the Wisconsin Statutes, dealing with "Marital Property." *Id.* at 244. Judge Kelley points to *Kuhlman v. Kuhlman*, where the Wisconsin court of appeals explained:

> "While some confusion is inevitable when courts, as they often do, refer to a divorcing couple's assets as 'marital property,' the reference is not to 'marital property' as that term is defined in the Marital Property Act, but simply to property of the marriage which is subject to division upon divorce within the meaning of sec. 767.255, Stats. The Marital Property Act, on the other hand, has nothing to do with the division of property on dissolution of a

4

>marriage. It is concerned only with the spouses' ownership of property during the marriage and at their death."

*Id.* (citing *Kuhlman v. Kuhlman*, 146 Wis. 2d 588, 591 (Ct. App. 1988)).  Judge Kelley read *Kuhlman* to mean that Wisconsin cases interpreting the property interests of divorcing parties under Chapter 767 have no relevance outside of divorce proceedings, such as in determining the property interests of a debtor in bankruptcy.  *Id*.  Indeed, in *Derr v. Derr*, one of the primary cases the trustee relies upon, the Wisconsin court of appeals acknowledged that the tracing inquiry in divorce cases may be somewhat different in the marital property context, and therefore, "we speak in this opinion about the proper analysis only in divorce cases under ch. 767."  *Derr v. Derr*, 280 Wis. 2d 681, 705 n.7 (Ct. App. 2005).  So, no matter how similar the facts, cases interpreting Wisconsin Chapter 767 do not directly apply here.

Under Wisconsin law, when marital funds are used to reduce a debt on non-marital property, the marriage acquires an ownership interest in the property.  "'Acquiring' property includes reducing indebtedness on encumbered property and obtaining a lien on or security interest in property."  Wis. Stat. § 766.01(1).  The comment to section 14 of the Uniform Marital Property Act, on which the Wisconsin Marital Property Act is based, considers an "increased value resulting from payments on liens on property" as an example of a type of mixed property.  Keith A. Christiansen et al, *Marital Property Law in Wisconsin*, § 3.12 (2010).  The Wisconsin Marital Property Act indicates a preference for treating the marital component in mixed property as an ownership interest, rather than a right to reimbursement.  *Id*.  Therefore, when cash or assets of two classifications are used to "acquire" an asset, such as in the case of marital property funds paid to reduce a debt on individual property, the marriage will obtain an ownership interest based on the classification of funds that contributed to the acquisition.  *Id*.

5

Relevant case law makes plain that when a mortgage on individual property is paid with marital funds, this is enough to meet the initial burden that the property is mixed. In *Ludwig v. Geise (In re Geise)*, the wife obtained a home as her individual property. *Ludwig v. Geise (In re Geise)*, 132 B.R. 908, 911 (Bankr. E.D. Wis. 1991). She executed a mortgage on the home. *Id*. The husband signed the mortgage, stating that he was releasing any homestead interest he had in the property. *Id*. Thus, the court had no doubt that the home was initially acquired with the wife's individual property. *Id*. at 914. However, because subsequent mortgage payments were made from marital property, the court concluded that the real estate had both individual and marital property components. *Id*.

Similarly, in *In re Townsend*, a wife acquired real property a year before she married her husband. *In re Townsend*, 1999 WL 144742 *1 (Wis. App. 1999) (unpublished disposition). She and her husband used the property as their homestead, although it remained titled in her name. *Id*. From the time of the marriage until the mortgage on the home was satisfied, at least a portion, if not all, of the payments came from joint funds, which were clearly marital property. *Id*. Later, both spouses died, and their estates disputed each spouse's respective interest in the real property. *Id*. Because the parties stipulated that the husband and wife used marital income to make payments on the mortgage, the court found that the husband's estate met its initial burden to establish mixing. *Id*. at *2.

In this case, marital property has been mixed with Roberta's individual interest in the rental property. The rental property became encumbered by a mortgage on October 3, 2008. The Mortgage Note payments have been made with marital property, and these payments reduced the indebtedness on the property. This is enough to constitute mixing under Wis. Stat. § 766.63(1).

Because the debtors have met their initial burden, the burden shifts to the trustee to establish that marital and non-marital interests are traceable.

According to the Wisconsin court of appeals, if a nonmarital asset is mixed with marital property, tracing the nonmarital property to its nonmarital source preserves the traced component's nonmarital property character. *Lloyd v. Lloyd*, 170 Wis. 2d 240, 257 (Ct. App. 1992). The portion of equity attributed to mortgage payments made with marital funds, added to the amount of appreciation attributable to marital funds, can be claimed as marital property. *Ludwig v. Geise (In re Geise)*, 132 B.R. at 915. However, when tracing mortgage payments, interest payments are not to be considered. In *In re Geise*, the bankruptcy court relied on a California community property case to calculate the percentage of marital property where mortgage payments on individual property had been made with marital funds. *Id*. at 914 (citing *In re Marriage of Moore*, 618 P.2d 208, 211 (1980)). Under the *Moore* analysis, the individual property percentage interest is determined by crediting the individual property with the down payment and the full amount of the loan, less the amount by which the marital property payments reduced the *principal balance*. *Moore*, 618 P.2d at 211 (emphasis added). This comports with other Wisconsin cases that have referred to *Moore* for the proposition that payment of taxes, interest, and similar "maintenance" items does not constitute mixing, and therefore, such payments do not increase the community property interest in property. *Krueger v. Rodenberg*, 190 Wis. 2d 367, 376 & n.4 (Ct. App. 1994).

If the evidence indicates that property *can* be traced, the failure of a party to trace it does not alter the conclusion that the property is not transformed to marital property. In *In re Estate of Bille*, a husband sought to reclassify his deceased wife's residence from individual property to marital property, as she had purchased it two years prior to their marriage. *In re Estate of Bille*,

7

198 Wis. 2d at 873-74. The couple lived in the home during the marriage, and paid the mortgage payments, real estate taxes and property insurance premiums from marital income and assets. *Id*. at 873. The husband initially conceded that tracing was possible, but he argued that his wife's estate failed to meet its tracing burden because it failed to provide evidence of the amount of mortgage payments that were paid. *Id*. at 877. He implied that because he met his initial burden to show mixing, and the estate failed to meet its burden to show tracing, his wife's residence was reclassified to marital property. *Id*.

The Wisconsin court of appeals rejected that argument, observing that the husband had a basic misunderstanding of Wis. Stat. § 766.63(1) - there is no requirement that the estate trace the mixing of marital assets with the nonmarital residence in order to establish that tracing can be performed. *Id*. The court found that the husband's concession that his wife's residence could be traced as nonmarital property was supported by the evidence. *Id*. at 877-78. The court of appeals upheld the probate court's conclusion that because tracing *could* be performed, the residence was not reclassified to marital property. *Id*. at 878.

In this case, the debtors contend that tracing cannot be performed. But they provide no basis for this argument. The debtors and the trustee agree that the Mortgage Note and Mortgage were executed October 3, 2008. The parties agree (or at least, the trustee chose not to dispute) that payments on the Mortgage Note were made with marital funds. The trustee attached several exhibits to her brief, which includes a copy of the Mortgage Note and a record of payments that the debtors made from November 4, 2008 to May 27, 2011, just before the bankruptcy petition was filed. While it is unclear whether this ledger was intended to be part of the stipulated facts, it provides ample support for the notion that the Mortgage Note payments can be traced. Notwithstanding the debtors' unsupported contention to the contrary, this property can be traced

8

to its marital and nonmarital components. Therefore, Roberta's interest is not reclassified to marital property.

To the extent the encumbrance on the rental property was reduced by principal payments made with marital funds up to the petition date, this rental property is marital. Allen and Roberta each have an undivided one-half interest in this amount. No other value has been shown to change Roberta's individual property to marital. Allen can claim an exemption in only his share of this marital property.[3] For these reasons, summary judgment is denied in part and granted in part as to the debtors, and denied in part and granted in part to the trustee. It will be so ordered.

# # #

---

[3] Without making a finding as to the specific amount Allen may exempt, it appears that Allen's undivided one-half interest in the rental property is about $1,320.50, based on the parties' stipulation that the outstanding mortgage balance as of the petition date was $29,359.00.